IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| v. | : | **DATE FILED:** _____ |
| **CHENEQUA JOHNSON** | : | **VIOLATION:** 18 U.S.C. § 641 (theft of |
| | : | government funds – 1 count) **Notice of forfeiture** |

### INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information:

1. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the PUA (Pandemic Unemployment Assistance) program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

2. The PUA program was administered by the various states, including the Commonwealth of Pennsylvania, but its benefits were funded by the federal government. In Pennsylvania, the Pennsylvania Department of Labor and Industry (PA DLI) administered the PUA program.

3. PA DLI required that a PUA claim be made online via the PUA website, https://pua.benefits.uc.gov. The applicant was required to enter personal identification information, including name, date of birth, social security number, email address, telephone

number, and a physical address. An applicant was required to answer a series of questions that enabled the PA DLI to determine the applicant's eligibility and payment amount.

    4. An applicant was only eligible to receive weekly PUA benefits if they were unemployed for reasons related to the COVID-19 pandemic. The applicant was required to certify, under penalty of perjury, that if offered a job, the applicant would be able to accept it. An applicant was required to read and understand the PUA Compensation Handbook, which indicated that any earnings had to be reported for each week a person works.

    5. If PA DLI approved an application for PUA benefits, the benefits recipient received benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards were mailed via the United States Postal Service to the physical address that appeared on the application.

    6. The recipient of PUA benefits received a unique Personal Identification Number (PIN) to access the PUA portal each week to certify their unemployment status. Payments for PUA were based on a seven-day period, from Sunday through Saturday. Thus, the benefits recipient was required to certify every seven days that he or she: was ready, willing and able to work each day; was seeking full time employment; did not refuse any job offers or referrals; and had reported any employment during the week and the gross pay or other payments received. The weekly certification was required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

7. In or about July 2020 through in or about January 2022, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**CHENEQUA JOHNSON**

knowingly stole and converted to her use, money of the United States in excess of $1,000, that is, approximately $34,572 in PUA payments, to which defendant JOHNSON knew that she was not entitled.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

THE UNITED STATES ATTORNEY CHARGES THAT:

1. As a result of the violation of Title 18, United States Code, Section 641, set forth in this information, defendant

**CHENEQUA JOHNSON**

shall forfeit to the United States of America:

(a) any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense; including but not limited to the sum of $34,572.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

_____
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

CHENEQUA JOHNSON

INFORMATION

18 U.S.C. § 641 (theft of government funds – 1 count)

A true bill.

_____
Foreperson

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Foreperson

Bail, $ _____